## GRIFFIN *vs.* ELLIOTT.

[Jackson, Judge, did not preside in this case on account of providential cause.]

Whether a homestead under §2040 of the Code is subject to purchase money, depends upon whether the exemption was had before or after the act of February 27, 1874. It is incumbent upon one relying upon the homestead to show that it was set apart before that act.

Homestead. Before Judge RICE. Banks Superior Court. October Term, 1877.

Reported in the decision.

S. P. THURMOND; A. C. Moss; W. J. PIKE, for plaintiff in error.

JAMES J. TURNBULL, for defendant.

WARNER, Chief Justice.

This case came before the court below on an affidavit of illegality to an execution which had been levied on the land of the defendant, and was submitted to the decision of the court without the intervention of a jury, upon the following agreed statement of facts: " That on the seventeenth day of October, 1871, defendant borrowed the money of the plaintiff with which to purchase the land levied on, and that he, the defendant, did pay the identical money so borrowed for the said land so levied on; that the agreement between plaintiff and defendant at the time the defendant borrowed the money, was that so soon as defendant procured the title to said land from the party from whom he purchased it, that he, the defendant, would execute to plaintiff a warranty deed to the land, signed by himself and his wife, to secure the payment of the money so borrowed from the plaintiff; that instead of executing a deed to said land to the plaintiff he, the defendant, afterwards gave a note for the money, and executed to the plaintiff a mortgage on said land to secure the

payment thereof; that suit was brought in the justice court, 265th district, G. M., on said note, and judgment was obtained thereon, from which the *fi. fa.* now levied issued; that defendant has had all said land set apart to him as exempt under the 2049th section of the Code of Georgia." The court sustained the illegality, and awarded judgment against the plaintiff for costs, whereupon the plaintiff excepted.

It appears from the agreed statement of facts that the note upon which the judgment was obtained was given for the purchase money of the land which was levied on in satisfaction thereof, but it does not appear whether the defendant's homestead exemption was set apart before or after the passage of the act of 27th February, 1874. If it was set apart after the passage of that act, it was subject to be levied on and sold for the purchase money due therefor, and as the defendant claimed that the land was exempt from levy and sale, it was incumbent on him to show affirmatively such a state of facts as would have exempted it under the law. Inasmuch as there is nothing in the record going to show that the homestead exemption of the land was set apart to the defendant before the passage of the act of 1874, the court erred in sustaining the defendant's affidavit of illegality.

Let the judgment of the court below be reversed.